MARY A. YOUNG v. JAMES H. EGE.[1]

December 16, 1895.[2]

Nos. 9611—(184).

Conversion—Sufficiency of Evidence.
Evidence considered, and *held* to sustain the verdict.

Appeal by defendant from an order of the district court for Henne-pin county, Elliott, J., denying a motion for a new trial. Affirmed.

*F. D. Larabee*, for appellant.

*White & Egleston*, for respondent.

START, C. J.    This is an action to recover the value of certain household goods which, it is claimed, the plaintiff owned and the defendant converted. The answer is a general denial. Verdict for the plaintiff, and from an order denying his motion for a new trial the defendant appealed.

Nellie B. Lynn was the owner of two houses in the city of Minne-apolis, and leased them to Clara A. Young, the daughter of the plain-tiff. The lease contained a chattel mortgage clause whereby the lessee mortgaged all of her personal property in the houses to secure the rent of the same. The goods in question were in the house at the time of the alleged conversion, but the verdict established the fact that they were the property of the plaintiff, and were not the property of the lessee, at the time the lease was made, or at any time thereafter. It is practically conceded that the evidence sustains the verdict in this respect. The lessee made default in the payment of her rent, and some three or four days prior to May 19, 1893, the defendant, as the plaintiff claims, took possession of the goods, under the lease, for the lessor, by his agent and deputy, Louis Maisch; but the defendant claims that Maisch was not acting, in the matter of the

[1] Reported in 65 N. W. 249, 67 N. W. 4.

[2] On May 12, 1896, the following opinion was filed:

PER CURIAM. In this case there were two appeals, one from an order deny-ing a motion for a new trial and the other from the judgment. The first appeal is disposed of in the principal opinion. The appeal from the judgment involves no questions not decided on the appeal from the order denying a new trial.

Judgment affirmed.

foreclosure of the mortgage contained in the lease, as his agent or deputy, but as a private individual, for the lessor. The trial court submitted this issue to the jury, to which the defendant excepted. If there was any evidence in the case fairly tending to show that whatever Maisch did in the premises, while acting under the lease, was done as the defendant's agent, the court correctly submitted the issue to the jury. The defendant, by his third and fourth assignments of error, raises the question that there was no evidence to sustain a finding that Maisch was such agent of the defendant. We are of the opinion that there was.

On May 19, 1893, the lessor commenced an action of replevin against the lessee to recover possession of the goods, and thereafter the defendant held them as sheriff, under process in the replevin action, until he turned them over to the plaintiff in that action, the lessor. The plaintiff in this action claims that, before the defendant so parted with the possession of the goods, she caused to be served upon him the affidavit required by G. S. 1894, § 5296; while the defendant claims that such affidavit was not served upon him until after he had duly turned the goods over to the plaintiff in the replevin action. This issue was also submitted to the jury, and by his fifth assignment of error the defendant raises the question that there was no evidence in the case to justify a finding by the jury that the affidavit was served on him while the goods were in his possession. The evidence is radically conflicting on this point, but we are of the opinion that the evidence would fairly justify a finding either way on the question. The verdict is sustained by the evidence.

Order affirmed.